**Richard V. MORENO, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 83–1290.

United States Court of Appeals, Federal Circuit.

March 1, 1984.

---

**4.** *See Morris Mechanical,* 1 Cl.Ct. at 445.

**5.** *Id.* at 445–46.

Richard Moreno, Denver, Colo., for petitioner.

Kenneth Oestreicher, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, BALDWIN, Circuit Judge, and COWEN, Senior Circuit Judge.

BALDWIN, Circuit Judge.

The decision of the Merit Systems Protection Board (board) dated July 29, 1982 dismissing petitioner's appeal from the withholding of a within-grade salary increase by the Department of Health and Human Services (agency) for lack of jurisdiction is affirmed.

The agency refused to give petitioner a within-grade salary increase in 1981. Petitioner sought review of that agency action by the board. The board held it lacked jurisdiction over petitioner's appeal because the collective bargaining agreement for petitioner's bargaining unit makes the agency's grievance process the only avenue of review. We agree.

The appellate jurisdiction of the board is set forth at 5 CFR § 1201.3(a) (1982) as follows:

§ 1201.3 Appellate jurisdiction: Definition and application.

(a) Appellate jurisdiction generally. The Board has appellate jurisdiction over cases specified in the Act where there have been prior actions within an agency. This includes certain decisions of the Office of Personnel Management relating to retirement and insurance benefits. This appellate jurisdiction includes:

(1) Removal or reduction-in-grade of competitive or preference eligible employees;

(2) *Denial of within-grade step increases;*

(3) Actions based upon removal, suspension for more than 14 days, reduction-in-grade or pay, or furlough for 30 days or less;

(4) Certain actions relating to the Senior Executive Service;

(5) Actions otherwise appealable to the Board involving an allegation of discrimination;

(6) Determinations relating to disability retirement, health insurance and annuities;

(7) Actions involving reinstatement of preference eligibles; and

(8) Those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management (OPM). [Emphasis added.]

This jurisdiction is limited by 5 CFR § 1201.3(b) (1982) which states:

(b) *Limitations on appellate jurisdiction;* collective bargaining agreements and election of procedures—(1) Exclusive procedure. *Where an employee is covered by a collective bargaining agreement which provides exclusive negotiated grievance procedures for specific matters under 5 U.S.C. 7121, the employee may not appeal those matters to the Board.* [Emphasis added.]

The agency's decision in this case relates to a matter normally within the board's jurisdiction; denial of a within-grade step increase. But petitioner was a member of a collective bargaining unit that had entered into a collective bargaining agreement with the agency. Article 16, Section 2(b) of that agreement provided that:

(b) The procedure contained herein shall be the sole procedure available for resolution of grievances of employees in the unit and parties hereto, except as provided in Section 3 below of this Article.

Section 3 of the agreement sets out the exclusions from the grievance. Denials of

within-grade salary increases are not listed as one of the exclusions.

The authenticity of the negotiated agreement and petitioner's membership in a bargaining unit covered by the negotiated agreement is not challenged. Article 16, Section 2(b) of the collecting bargaining therefore limits the board's jurisdiction by making agency grievance procedures the sole review mechanism for denials of within-grade salary increases. Accordingly, the board properly dismissed petitioner's appeal for lack of jurisdiction.

Petitioner suggests that no grievance procedure was established. This contention, however, is not supported by any evidence of record in this case.

The board also refused to consider petitioner's arguments concerning an agency decision to suspend petitioner for fourteen days because that decision was not implemented. We affirm that action by the board since any issue regarding that decision is moot.

For the foregoing reasons, the board's decision dismissing petitioner's appeal is *affirmed*.

AFFIRMED.