**Peter ESPENSCHIED, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal Nos. 86–1004, 86–1217.**

United States Court of Appeals, Federal Circuit.

Nov. 12, 1986.

William A. Dobrovir, Dobrovir and Gebhardt, Washington, D.C., argued, for petitioner, with him on the brief, was David L. Sobel.

Deborah Stover-Springer, Merit Systems Protection Bd., Washington, D.C., argued, for respondent; on the brief for respondent were Llewellyn M. Fischer, Acting General Counsel, Mary L. Jennings, Associate General Counsel for Litigation, David C. Kane, Reviewer for Litigation and Michael K. Martin, Office of the General Counsel, Merit Systems Protection Bd., Washington, D.C.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and NEWMAN, Circuit Judge.

MARKEY, Chief Judge.

Consolidated petitions for review of two decisions of the Merit Systems Protection Board (MSPB or board). In Appeal No. 86–1004, Peter Espenschied (Espenschied),

appeals from the board's decision in Docket No. DC531D8510569, dismissing Espenschied's appeal from Department of the Navy's denial of his within-grade salary increase. We affirm.

In Appeal No. 86–1217, Espenschied appeals from the board's decision in Docket No. DC04328610081, dismissing as untimely Espenschied's appeal of his removal, 5 C.F.R. § 1201.22(b). We affirm.

## BACKGROUND

Peter Espenschied worked for the Department of the Navy (agency) as an astronomer. In May 1985, Espenschied completed the waiting period required for a within-grade salary increase (WGI), a periodic pay raise without change in grade to which federal employees are entitled if their work "is of an acceptable level of competence as determined by the head of the agency." 5 U.S.C. § 5335(a). In a June 14, 1985, Performance Rating, the agency determined that Espenschied's performance was unsatisfactory. On June 24, 1985, based on that unacceptable performance rating, the agency denied Espenschied's within-grade salary increase and proposed his removal. The agency sustained the WGI denial in an August 2, 1985 reconsideration decision. On July 24, 1985, the agency issued a decision approving the proposal to remove Espenschied, effective August 9, 1985.

The reconsideration decision affirming Espenschied's WGI denial contained this description of his appeal rights: "You may appeal my decision to deny you a WGI through the grievance procedure negotiated by the National Federation of Federal Employees Local 1461 and the [agency], or to the Merit Systems Protection Board (MSPB), but not both." Enclosed with the reconsideration decision was an MSPB appeal form. The decision approving the proposal to remove Espenschied contained a similar description of his appeal rights.

As Espenschied stated in a later affidavit, he "wish[ed] to have an MSPB determination that would clear my record of the wrongful stain of unsatisfactory perform-ance." Because the WGI reconsideration decision and the removal decision contained similar descriptions of his appeal rights, Espenschied believed he could obtain an MSPB hearing by appealing either or both actions. Espenschied realized that his removal made him eligible for an immediate annuity, so he chose to appeal only the WGI denial.

### A. *Appeal of the Within-Grade Salary Increase Denial.*

On August 22, 1985, Espenschied filed a timely appeal of the WGI denial to the board. The agency responded, discovery proceeded, and a hearing was scheduled.

Not until November 15, 1985, at a prehearing conference, did the agency question whether the board had jurisdiction. The agency cited as the basis for its concern *National Treasury Employees Union v. Cornelius*, 617 F.Supp. 365 (D.D.C.1985), a July 1985 decision in which the United States District Court for the District of Columbia held that, where a negotiated grievance procedure covering WGI denials was available, MSPB review was not. The court declared invalid an Office of Personnel Management (OPM) regulation providing MSPB appeal rights from all WGI denials, whether covered under negotiated grievance procedures or not. OPM revoked its previous rulemaking and published regulations conforming to the court's order in a Federal Register notice dated October 31, 1985. The agency also cited *Moreno v. Merit Systems Protection Board*, 728 F.2d 499 (Fed.Cir.1984), in which this court held that the board lacked jurisdiction to review a WGI denial where a collective bargaining agreement by its terms made a grievance procedure the sole avenue of review.

The presiding official issued a decision dismissing Espenschied's WGI appeal on November 21, 1985. That decision stated, "The Board's regulations provide that, except for certain actions not pertinent here, employees may not appeal a matter covered by a collective bargaining agreement. 5 C.F.R. § 1201.3(b)". The decision then ex-

amined the collective bargaining agreement between Espenschied's union and the agency, and concluded that WGI denials were covered under its negotiated grievance procedure.

B. *Appeal of Removal.*

Six days after the presiding official dismissed Espenschied's WGI appeal, on November 27, 1985, Espenschied appealed his removal to the MSPB. Espenschied argued that the agency's misrepresentation of his WGI appeal rights constituted "good cause" for waiving the 20-day time limit for appealing his removal.

In a January 13, 1986 decision, the presiding official dismissed Espenschied's removal appeal. The presiding official found that, although the agency had misrepresented Espenschied's WGI appeal rights, it had properly advised him about his rights to appeal the removal. The presiding official ruled that Espenschied had shown no good cause for waiving the time limit for appealing his removal.

The presiding official's decisions on both appeals became final decisions of the board, and Espenschied appealed to this court.

### ISSUES

(1) Whether the board erred in dismissing for lack of jurisdiction Espenschied's appeal of the denial of his within-grade salary increase.

(2) Whether the board abused its discretion in dismissing as untimely filed Espenschied's appeal of his removal.

### OPINION

A. *Denial of Within-Grade Increase*

■ In general, if an employee is covered by a collective bargaining agreement, matters that customarily would be within the board's jurisdiction are deemed to be covered by the negotiated grievance procedure and thus beyond the board's jurisdiction, unless the collective bargaining agreement specifically excludes a matter from application of the grievance procedure. 5

U.S.C. § 7121(a); 5 C.F.R. § 1201.3(b)(1); *Bonner v. Merit Systems Protection Board,* 781 F.2d 202, 204 (Fed.Cir.1986); *see Moreno v. Merit Systems Protection Board,* 728 F.2d 499 (Fed.Cir.1984). For certain matters, however, employees have an option of either using the negotiated grievance procedure or appealing to the board. 5 U.S.C. § 7121(e); 5 C.F.R. § 1201.3(b)(1). The question presented here is whether a denial of a within-grade increase is a matter for which employees have that option. The board held that it was not. We agree.

■ The statutory section stating the general prohibition against board review of matters covered under a negotiated grievance procedure is 5 U.S.C. § 7121(a)(1):

... any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d) and (e) of this section, the procedures shall be the exclusive procedures for resolving grievances which fall within its coverage.

Subsection (e) (5 U.S.C. § 7121(e)) states exceptions to the general prohibition:

(1) Matters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the [MSPB] appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both....

The regulation on which the board relied in dismissing Espenschied's WGI appeal, 5 C.F.R. § 1201.3(b)(1), incorporates the statutory jurisdictional limitations:

Where an employee is covered by a collective bargaining agreement which provides for an exclusive negotiated grievance procedure for actions involving discrimination under 5 U.S.C. 7702, reduction in grade or adverse actions under either 5 U.S.C. 4303 or 7512, the employee may raise the matter under either the negotiated grievance procedure or under

the Board's appellate procedures but not both. Other matters which are covered by a negotiated grievance procedure under 5 U.S.C. 7121 may not be appealed to the Board.

Espenschied argues that WGI denials are matters covered under 5 U.S.C. § 4303, and thus, under 5 U.S.C. § 7121(e) and 5 C.F.R. § 1201.3(b)(1), they may be raised to the board despite the availability of a negotiated grievance procedure. Section 4303 sets out the procedures an agency must follow to reduce in grade or remove an employee for unacceptable performance. Although section 4303 does not mention performance-based denials of salary increases with no reduction in grade, Espenschied argues that, under *Meyer v. Department of Health and Human Services*, 666 F.2d 540 (Ct.Cl.1981), WGI denials arise under § 4303.

In *Meyer*, one of our predecessor courts held that the standard of review in WGI appeals before the MSPB should be "substantial evidence" under 5 U.S.C. § 7701(c)(1)(A). 666 F.2d at 545. To reach that holding, the court reasoned that, in section 7701(c)(1), Congress intended WGI denials to be included within the clause "an action based on unacceptable performance described in section 4303 of this title." 666 F.2d at 544. This court has recently reaffirmed the holding in *Meyer*. *Romane v. Defense Contract Audit Agency*, 760 F.2d 1286, 1288 (Fed.Cir.1985).

There is no indication that a negotiated grievance procedure was available to the employee in *Meyer*. Because the board has jurisdiction to review WGI denials where no grievance procedure exists, the board's jurisdiction was not at issue in *Meyer*. The *Meyer* court did not construe 5 U.S.C. § 7121, the section at issue here. Hence, *Meyer* does not apply in this case.

Our analysis of § 7121 begins with the assumption that, "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent." *Andrus v. Glover Construction Co.*, 446 U.S. 608,

100 S.Ct. 1905, 64 L.Ed.2d 548 (1980). Espenschied cites nothing in the legislative history of § 7121 suggesting that Congress intended to except WGI denials from the general prohibition against board jurisdiction where a negotiated grievance procedure is available. The Conference Report suggests the contrary; "[E]xcept for certain *specified* exceptions, an employee covered by a collective bargaining agreement must follow the negotiated grievance procedures rather than the agency procedures available to other employees not covered by an agreement." H.R.Conf.Rep. No. 1717, 95th Cong., 2d Sess. 157, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2860, 2891 (emphasis added). The Senate Report sheds light on those "specified" exceptions: "Subsection (e) provides employees with an option, in appealing matters covered under 5 U.S.C. section 4303 (*demotion or removal* for unacceptable performance) ..., of using the statutory appeal procedure under 5 U.S.C. section 7701 or the negotiated grievance procedure if such matters have been negotiated into coverage under the grievance procedure." S.Rep. No. 969, 95th Cong., 2d Sess. 110, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2832 (emphasis added).

Espenschied argues that, because the statutory section governing WGI appeals (5 U.S.C. § 5335(c)) does not limit an employee's right to appeal to the board, section 7121 cannot. That argument fails because the legislative history of section 7121 plainly indicates that Congress intended negotiated grievance procedures, where available, to override statutory appeal procedures. *National Treasury Employees Union v. Cornelius*, 617 F.Supp. 365, 370 (D.C.D.C. 1985); *see Bonner*, 781 F.2d at 204. The Senate report states:

[I]f the parties choose to do so, they may negotiate into coverage under their grievance procedure many of the matters that are covered by statutory appeal procedures, such as appeal from the withholding of within-grade salary increases and appeal from reduction-in-force actions. With the exception of adverse ac-

tions and discrimination complaints, where a grievance falls within the coverage of the negotiated grievance procedure, both union and nonunion members of the bargaining unit must use the negotiated procedure to resolve the grievance.

S.Rep. No. 969, 95th Cong., 2d Sess. 109–10, *reprinted in* U.S.Code Cong. & Ad. News 2723, 2831–32.

■■■■ Espenschied argues that the board erred in retroactively applying OPM's October 31, 1985 regulation to Espenschied's August 22, 1985 appeal. However, the regulation on the books at the time Espenschied filed his appeal, and which Espenschied would have the board apply, was declared invalid before the agency issued its reconsideration decision denying Espenschied's within-grade salary increase. *National Treasury Employees Union,* 617 F.Supp. at 372. That the agency relied on an invalid regulation in advising Espenschied of his appeal rights is unfortunate, but does not invoke the board's jurisdiction. An invalid regulation cannot confer jurisdiction.

### B. *Removal*

■■■ Espenschied argues that the board abused its discretion in dismissing his removal appeal as untimely. To establish "good cause" for waiving the time limit for filing that appeal, Espenschied submitted an affidavit to the board in which he stated that he would have filed a timely appeal of the removal had not the agency misinformed him about his rights to appeal the WGI denial.

The board found that Espenschied had shown no good cause because the agency had properly advised him about his right to appeal the removal decision, and that Espenschied had chosen not to appeal. Substantial evidence supports that finding. We cannot "conclude that the agency's actions and statements could have misled a reasonable person" about Espenschied's removal appeal rights. *Yuni v. Merit Systems Protection Board,* 784 F.2d 381, 385 (Fed.Cir.1986).

We note that the board's ruling that it lacked jurisdiction to hear Espenschied's appeals did not deprive Espenschied of the opportunity to challenge the agency's determination of inadequate job performance. The agency offered to waive the time limit governing Espenschied's filing of a grievance of his WGI denial, thereby affording him the opportunity to grieve that denial. Espenschied did not avail himself of that opportunity, however.

### CONCLUSION

Because the board properly found that denials of within-grade salary increases covered under a negotiated grievance procedure may not be appealed to the board, the board did not err in dismissing for lack of jurisdiction Espenschied's appeal of the denial of his within-grade salary increase. 5 U.S.C. §§ 7121(a)(1), (e)(1); 5 C.F.R. § 1201.3(b)(1). The board did not abuse its discretion in dismissing as untimely Espenschied's appeal of his removal. We affirm both of the board's decisions.

AFFIRMED.