847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas G. DORSCH, Petitioner,
v.
SOCIAL SECURITY ADMINISTRATION, Respondent.
 No. 88-3069.
 United States Court of Appeals, Federal Circuit.
 April 8, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas G. Dorsch seeks review of the final decision of the Merit Systems Protection Board, Docket No. SF531D8710471, dismissing for lack of jurisdiction his appeal from the Department of Health and Human Services' (HHS's) denial of a within-grade increase from GS-8, step 2, to GS-8, step 3. We affirm.
 
 OPINION
 
 2
 The board found that Dorsch is covered by a collective bargaining agreement which sets forth procedures for resolving employees' grievances, including those from denials of within-grade step increases. The board held that it lacked jurisdiction over Dorsch's appeal because, in accordance with 5 U.S.C. Sec. 7121(a)(1) (1982), negotiated grievance procedures are the "exclusive procedures" for resolving grievances falling within the coverage of a collective bargaining agreement. Section 7121(e)(1) provides an exception to that provision, granting an employee a right to elect between the grievance procedures or the appellate procedures of 5 U.S.C. Sec. 7701 (1982) where an appeal involves matters covered by 5 U.S.C. Sec. 4303 (1982). The board held, however, that Dorsch's appeal of HHS's denial of his within-grade step increase was not covered by section 4303.
 
 
 3
 On appeal, Dorsch disputes that determination and, thus, asserts he properly exercised his right to appeal to the MSPB. We disagree. Dorsch correctly points out that a denial of a step increase can be based on an employee's inadequate performance. However, not all performance-based actions are covered under section 4303, and the board correctly held that denial of Dorsch's within-grade step increase was not so covered. Section 4303 pertains only to the reduction in grade or removal of an employee based upon unacceptable performance and does not relate to the denial of a periodic step increase.
 
 
 4
 The board, like this court, is charged with following the letter of the law and may only recognize those appeal rights expressly provided for by Congress. Therefore, because Dorsch had no right to take an appeal to the board, it had no option but to dismiss the case for lack of jurisdiction. See Moreno v. Merit Sys. Protection Bd., 728 F.2d 499 (Fed.Cir.1984).