95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John D. LANKFORD, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3157.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1996.
Rehearing Denied Sept. 4, 1996.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 In this personnel case, the Merit Systems Board dismissed John D. Lankford's appeal for lack of jurisdiction. The Board concluded that the collective bargaining agreement barred his appeal and that his appeal did not fall within the narrow statutory exemptions from such agreements. Because the Board properly determined that it lacked jurisdiction, this court affirms.
 
 
 2
 The Air Force employed Mr. Lankford as a firefighter at the Charleston Air Force Base, Charleston, South Carolina. In early 1995, the Air Force abolished all firefighter positions at that facility as part of a reduction in force (RIF). The Air Force offered Mr. Lankford a position as a Motor Vehicle Operator in lieu of separation, which he accepted.
 
 
 3
 The union representing firefighters at the base had negotiated a collective bargaining agreement with the Air Force. That agreement identifies the grievance procedure as an employee's exclusive remedy for RIF actions. The Air Force notified Mr. Lankford of his rights under the collective bargaining agreement. Mr. Lankford's union filed a grievance on behalf of the firefighters. The Air Force denied the grievance on March 13, 1995. The union declined to take further action. As a result, the Air Force reassigned Mr. Lankford on April 2, 1995.
 
 
 4
 The Board normally has jurisdiction over separations, demotions, and furloughs of more than thirty days. 5 C.F.R. § 351.901 (1995). However, a collective bargaining agreement may remove even these adverse actions from Board jurisdiction. 5 U.S.C. § 7121(a) (1994); Espenschief v. Merit Sys. Protection Bd., 804 F.2d 1233, 1236 (Fed.Cir.1986). Here, the collective bargaining agreement excluded the RIF action taken against Mr. Lankford by the Air Force.
 
 
 5
 Nevertheless, two statutory exceptions exist to this rule. First, an employee may appeal a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) (1994), which includes discrimination based on marital status or political affiliation. An employee may also appeal personnel actions effected under 5 U.S.C. §§ 4303 and 7512 (1994), which include actions based on unacceptable performance and actions taken for the efficiency of the service. 5 U.S.C. § 7121(d) and (e) (1994).
 
 
 6
 Mr. Lankford's appeal did not raise either of these two limited exceptions. Thus, the Board properly dismissed his appeal.