**Gene M. MUNSON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 99–3437.

United States Court of Appeals, Federal Circuit.

June 20, 2000

Gene Malde Munson, of Arlington, Virginia, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Mary L. Jennings, General Counsel; and Martha B. Schneider, Assistant General Counsel.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

SCHALL, Circuit Judge.

Gene Munson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal requesting that his March 1995 within-grade increase ("WGI") be made retroactive to October 2, 1994. *See Munson v. Department of Commerce,* 83 M.S.P.R. 80 (M.S.P.B. 1999) (*"Munson II"*). The Board dismissed Mr. Munson's appeal because it concluded that the grievance procedures followed by Mr. Munson and the Department of Commerce ("agency") precluded its jurisdiction under 5 U.S.C. § 7121(a). Because the Board's decision is contrary to the plain language of the statute, we reverse and remand.

## BACKGROUND

The pertinent facts are not in dispute. Mr. Munson has been employed by the agency as a patent examiner since 1974. On October 2, 1994, he completed the three-year waiting period for a WGI, a periodic pay raise to which federal employees are entitled if their work "is of an acceptable level of competence as determined by the head of the agency." 5 U.S.C. § 5335(a) (1994). On January 5, 1995, the agency informed Mr. Munson that it had denied his WGI because his

most recent performance rating was less than "Fully Successful." On January 18, 1995, Mr. Munson timely requested reconsideration of the denial. The agency did not respond to the request for reconsideration, but granted Mr. Munson a WGI effective March 5, 1995. Thereafter, Mr. Munson filed informal and formal grievances with the agency, arguing that the March 5, 1995 WGI should have been made retroactive to October 2, 1994. After those grievances were denied, Mr. Munson filed a request for binding arbitration through his bargaining unit. According to Mr. Munson, an arbitrator has been appointed but no arbitration hearing has been held.

On November 3, 1997, Mr. Munson petitioned the Board for review of the agency's refusal to make the March 5, 1995 WGI retroactive. In an initial decision, the administrative judge ("AJ") dismissed the petition for lack of jurisdiction. *See Munson v. Department of Commerce,* No. DC–531D–98–0094–I–1 (Feb. 27, 1998) (Initial Decision). Specifically, the AJ determined that Mr. Munson's election to pursue his grievance through the procedures of a lapsed, but voluntarily continuing, 1972 collective bargaining agreement between the agency and the Patent Office Professional Association, the bargaining unit that represents patent examiners such as Mr. Munson, divested the Board of jurisdiction. *See id.,* slip op. at 3–4.

On petition for review, the Board affirmed the initial decision, but on alternative grounds. *See Munson II,* slip op. at 1. The Board determined that the 1972 agreement did not encompass WGI grievances and, therefore, did not affect the Board's jurisdiction. *See id.,* slip op. at 5. However, the Board noted that Mr. Munson had pursued his WGI grievance under the negotiated grievance procedures of a 1986 collective bargaining agreement, *see id.,* slip op. at 4, which did encompass WGI grievances, *see id.,* slip op. at 5. Portions of the 1986 agreement had been disapproved by the agency head, and the agreement

never took effect. *See id.,* slip op. at 6. Nevertheless, because the grievance procedures in the agreement had not been rejected by the agency head, the Board determined that Mr. Munson and the agency were free to implement those procedures. *See id.,* slip op. at 7. The Board concluded that Mr. Munson's decision to pursue his WGI grievance through the grievance procedures in the 1986 agreement and the agency's practice of following those procedures constituted a mutual agreement to implement the procedures that made the procedures "binding and enforceable as to both parties." *Id.,* slip op. at 8. The Board held that because Mr. Munson was covered by grievance procedures, it lacked jurisdiction over his petition, citing 5 U.S.C. § 7121(a) and this court's decision in *Espenschied v. Merit Sys. Protection Bd.,* 804 F.2d 1233 (Fed.Cir.1986). *See Munson II,* slip op. at 8.

Mr. Munson appeals the dismissal of his petition. We have jurisdiction pursuant to 5 U.S.C. § 7703 (1994).

## DISCUSSION

■ Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703 (1994); *Kewley v. Department of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's jurisdiction is a question of law that we review *de novo. See Van Wersch v. Department of Health & Human Servs.,* 197 F.3d 1144, 1147 (Fed.Cir.1999).

■ The jurisdiction of the Board is not plenary. Rather, it is limited to those matters specifically entrusted to it by statute, rule, or regulation. *See Todd v. Merit Sys. Protection Bd.,* 55 F.3d 1574, 1576 (Fed.Cir.1995). An appellant has the bur-

**1040**

den of establishing the Board's jurisdiction by a preponderance of the evidence. *See Forest v. Merit Sys. Protection Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). Mr. Munson argues that the Board's determination that it lacked jurisdiction over his appeal under 5 U.S.C. § 7121(a) was incorrect because that statute applies only if the employee is covered by a collective bargaining agreement, and he is not covered by such an agreement. We agree.

## I

It is axiomatic that statutory construction begins with the language of the statute itself. *See Miller v. Department of the Army*, 987 F.2d 1552, 1555 (Fed.Cir.1993). If the language is clear on its face, "there is usually no need to resort to the legislative history underlying the statute." *Reid v. Department of Commerce*, 793 F.2d 277, 281 (Fed.Cir.1986). Turning to the language of 5 U.S.C. § 7121(a), we find nothing that limits the Board's jurisdiction when the employee is not covered by a collective bargaining agreement.

Pursuant to 5 U.S.C. § 7121(a), if a collective bargaining agreement provides procedures for settling grievances, the Board lacks jurisdiction to resolve such a grievance unless certain conditions, not alleged to apply here, are satisfied:

> (1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.
>
> (2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.

5 U.S.C. § 7121(a) (1994). The language of the statute makes it clear that its appli-

cation is limited to situations where a collective bargaining agreement is in place. "[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Miller*, 987 F.2d at 1555 (quoting *United States v. Ron Pair Enters. Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)) (internal quotation marks omitted).

A "[c]ollective bargaining agreement" is defined as "an agreement entered into as a result of collective bargaining pursuant to the provisions of this chapter." 5 U.S.C. § 7103(a)(8) (1994). The parties agree that no collective bargaining agreement is in place between the agency and Mr. Munson. Because there is no collective bargaining agreement, 5 U.S.C. § 7121(a) does not restrict the Board's jurisdiction over Mr. Munson's appeal.

## II

The Board determined that, although Mr. Munson was not covered by a collective bargaining agreement, the grievance procedures followed by Mr. Munson and the agency prevented the Board from exercising jurisdiction over Mr. Munson's appeal. We find no support in the relevant statutes or case law for this holding.

As set forth above, 5 U.S.C. § 7121(a) does not limit the Board's jurisdiction when the employee is not covered by a collective bargaining agreement. Although the Board cited *Espenschied* in support of its holding, *Espenschied* does not address a situation like the one presented here, where no collective bargaining agreement is in effect. In *Espenschied*, we held that if an employee is covered by a collective bargaining agreement that provides grievance procedures for denials of WGIs, the Board lacks jurisdiction to review the denial of a WGI. *See Espenschied*, 804 F.2d at 1238. Nothing in *Espenschied* suggests that the Board's jurisdiction is limited by grievance procedures that are not part of a collective bargaining agreement.

The Board cited two Federal Labor Relations Authority decisions to support its conclusion that the grievance procedures of the 1986 agreement are binding and enforceable as to both Mr. Munson and the agency. *See Munson II,* slip op. at 6–8 (citing *Department of the Army Watervliet Arsenal and National Federation of Federal Employees Local 2109,* 34 F.L.R.A. 98 (1989) (*"Watervliet"*), and *Department of the Treasury Bureau of Engraving and Printing and International Plate Printers Die Stampers and Engravers Union Washington Plate Printers Union Local 2,* 44 F.L.R.A. 926 (1992) (*"Washington Plate Printers"*)). The Board relied on *Watervliet* for the proposition that, where an agency head has disapproved an agreement, "the parties may agree to implement all portions of their local agreement not specifically disapproved by the agency head." *Munson II,* slip op. at 7 (citing *Watervliet,* 34 F.L.R.A. at 105). The Board referred to *Washington Plate Printers* as an example of the Authority's recognition that a course of conduct between a union and an agency can give rise to an agreement that is binding on both parties. *See Munson II,* slip op. at 7 (citing *Washington Plate Printers,* 44 F.L.R.A. at 939–40). The agreement at issue in *Washington Plate Printers* was an agreement to continue operating under an existing collective bargaining agreement. *See Washington Plate Printers,* 44 F.L.R.A. at 931. The Authority upheld the Arbitrator's finding that the union's and the agency's continued operation under a 1975 agreement gave rise to a tacit agreement to abide by the 1975 agreement instead of a 1988 agreement. *See id.*

■■ Based upon *Watervliet* and *Washington Plate Printers,* the Board concluded that Mr. Munson's and the agency's practice of following the grievance procedures of the 1986 agreement made the procedures "binding and enforceable as to both parties." *Munson II,* slip op. at 8. Because Mr. Munson "was covered by a grievance procedure under which he was entitled to grieve the denial of his retroactive WGI," the Board determined that it lacked jurisdiction over his appeal. *Id.* However, section 7121(a) does not limit the Board's jurisdiction whenever any grievance procedures are available to an employee. Instead, it only refers to grievance procedures that are part of a collective bargaining agreement. *See* 5 U.S.C. § 7121(a). We will not interpret the statute more broadly than its plain language permits. *See Reid,* 793 F.3d at 281–82 (stating that when a statute is plain on its face, "[t]he function of the court is . . . limited to enforcing the statute according to its terms"). Accordingly, we hold that 5 U.S.C. § 7121(a) restricts the Board's jurisdiction only when a collective bargaining agreement is in place.

This holding is consistent with 5 U.S.C. § 7114(a)(5), which preserves an employee's right of appeal to the Board unless grievance or appeal procedures negotiated under Chapter 71 of Title 5 of the United States Code are in place:

> The rights of an exclusive representative under the provisions of this subsection shall not be construed to preclude an employee from—
>
> \*    \*    \*    \*    \*    \*
>
> (B) exercising grievance or appellate rights established by law, rule or regulation;
>
> except in the case of grievance or appeal procedures negotiated under this chapter.

5 U.S.C. § 7114(a)(5) (1994). The grievance procedures followed by Mr. Munson and the agency were not negotiated in accordance with the relevant statutes. In fact, the grievance procedures were part of a 1986 agreement that was disapproved by the agency head. This disapproval precluded the agreement from taking effect. *See* 5 U.S.C. § 7114(c) (1994). In the absence of grievance procedures negotiated under Chapter 71 of Title 5 of the United States Code, section 7114(a)(5) preserves Mr. Munson's right of appeal to the Board.

## CONCLUSION

For the foregoing reasons, the final decision of the Board dismissing Mr. Munson's appeal for lack of jurisdiction is reversed. The case is remanded to the Board for adjudication of the merits of the appeal.

*REVERSED* and *REMANDED*