NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3235

RENEE R. BERRY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Renee R. Berry, of Washington, DC, pro se.

Calvin Morrow, Acting Assistant General Counsel for Litigation, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3235

RENEE R. BERRY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC531D070757-I-1.

_____

DECIDED: January 15, 2009

_____

Before RADER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Renee Berry appeals from a final order of the Merit Systems Protection Board (MSPB) dismissing for lack of jurisdiction her claim that she was improperly denied a within grade increase (WIGI) by the Department of Commerce. Because Ms. Berry's WIGI claim is subject to a collective bargaining agreement (CBA) that provides for a grievance procedure to the exclusion of other remedies, we agree that the MSPB lacked jurisdiction over Ms. Berry's appeal. We, therefore, affirm.

BACKGROUND

The Department of Commerce ("Commerce") removed Ms. Berry from her position as a Patent Examiner at the United States Patent and Trademark Office (PTO). Pursuant to the CBA between Commerce and the Patent Office Professional Association, Ms. Berry filed a grievance concerning her removal. Upon entering into a settlement agreement, Ms. Berry was restored to duty and rated as "fully successful" for fiscal year 2005. For the period between her removal on January 6, 2006, and her reinstatement on August 22, 2006, Ms. Berry was placed in leave without pay (LWOP) status.

On October 15, 2006, two years after she had last received a WIGI, Commerce determined that Ms. Berry was eligible for a WIGI. In light of her "fully successful" rating, the WIGI was granted. Shortly thereafter, however, Commerce determined that Ms. Berry's WIGI should have been delayed by the amount of time she had spent in LWOP status, making her ineligible for a WIGI until at least April 2007. The WIGI was, therefore, rescinded.

When Ms. Berry inquired by e-mail about the rescission of her WIGI, Commerce explained that the WIGI had not been "denied" but rather "cancelled" and "delayed." Ms. Berry then filed an informal grievance requesting reconsideration of the "denial" of a WIGI, to which Commerce reiterated that the LWOP period did not count as "creditable service," that the WIGI had been granted prematurely and was cancelled, and that the WIGI was not denied but delayed. Ms. Berry appealed to the MSPB.

In its initial decision, the MSPB dismissed Ms. Berry's appeal for lack of jurisdiction on two grounds:

(1)     that Ms. Berry was "attempting to have [the MSPB] enforce a settlement agreement"; and

(2)     that "the agency has submitted unrebutted evidence that the CBA that covers [Ms. Berry] states that a negative determination on a WIGI may <u>only</u> be reviewable by filing a grievance."

As an alternative ground for its dismissal, the MSPB explained that "the Board can only exercise jurisdiction over an appeal from the withholding of a WIGI if the agency has affirmed its initial determination upon reconsideration or has unreasonably refused to act on a request for reconsideration, neither circumstance present here."

On March 5, 2008, the MSPB issued a final order, affirming the administrative judge's initial decision. Ms. Berry timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of MSPB decisions is limited under 5 U.S.C. § 7703(c). A final decision of the MSPB may be reversed only if that decision is found to be: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. <u>Farrell v. Dep't of Interior</u>, 314 F.3d 584, 589 (Fed. Cir. 2002). Whether the MSPB has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. <u>Forest v. Merit Sys. Prot. Bd.</u>, 47 F.3d 409, 410 (Fed. Cir. 1995).

The MSPB's jurisdiction is limited to that expressly granted by statute, rule or regulation. <u>See</u> 5 U.S.C. § 7701(a); <u>Hartman v. Merit Sys. Prot. Bd.</u>, 77 F.3d 1378, 1380 (Fed. Cir. 1996). The burden is on the petitioner to establish the MSPB's jurisdiction over her appeal by a preponderance of the evidence. <u>See</u> 5 C.F.R. § 1201.56(a)(2); <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I.

The MSPB held that, to the extent that Ms. Berry was asking it to enforce the provisions of the settlement agreement, such matters were beyond the MSPB's jurisdiction. See Blackiemore v. U.S. Postal Serv., 67 M.S.P.R. 331, 333 (1995). Ms. Berry argues that "there was no provision to enforce. The issue would have merely required interpretation of the case law regarding reinstatement."

Ms. Berry's conclusion is based on the false premise that reinstatement requires a return to the status quo ante in all circumstances. The MSPB correctly points out: "[Ms. Berry] mistakenly relies on the Board decisions in Harris v. Dep't of Agriculture, 50 M.S.P.R. 686 (1991), and Normoyle v. Dep't of the Air Force, 63 M.S.P.R. 391 (1994), which address the rights of employees who were reinstated in their positions pursuant to a decision of the Board reversing their removals as unjustified." Unlike in Harris and Normoyle, the circumstances of Ms. Berry's reinstatement are the subject of the settlement agreement, which was entered into as part of a grievance arbitration process—i.e., not as a part of proceedings before the MSPB. Ms. Berry's reinstatement complaints are thus properly viewed as requests for enforcement of a settlement agreement that is outside the jurisdiction of the MSPB. See, e.g., Bell v. Dep't of the Army, 48 M.S.P.R. 86, 91 (1991) (dismissing appeal for lack of jurisdiction where settlement agreement was outside the MSPB's authority); Haskins v. Dep't of the Navy, 106 M.S.P.R. 616, 624 (2007) (collecting cases).

II.

Even to the extent that Ms. Berry was not seeking enforcement of the settlement agreement, the MSPB held that Ms. Berry's CBA precludes MSPB jurisdiction over her

appeal—her appeal is exclusively governed by the negotiated grievance procedure. We agree.

Pursuant to 5 C.F.R. § 1201.3(c)(1): "For an employee covered by a collective bargaining agreement under 5 U.S.C. § 7121, the negotiated grievance procedures contained in the agreement are the exclusive procedures for resolving any action that could otherwise be appealed to the Board [with limited exceptions]." Accord 5 C.F.R. § 531.410(d) ("[F]or an employee covered by a collective bargaining agreement a reconsideration decision that sustains a negative determination is only reviewable in accordance with the terms of the agreement.").

In Espenschied v. Merit Systems Protection Board, this court explained: "In general, if an employee is covered by a collective bargaining agreement, matters that customarily would be within the board's jurisdiction are deemed to be covered by the negotiated grievance procedure and thus beyond the board's jurisdiction, unless the collective bargaining agreement specifically excludes a matter from application of the grievance procedure." 804 F.2d 1233, 1236 (Fed. Cir. 1986). This court held that although employees may, for certain matters, have the option of using the negotiated grievance procedure or appealing to the MSPB, the denial of a WIGI is not a matter for which such an option exists. See id. at 1236, 1238; see also Hunt v. Dep't of Veterans Affairs, 88 M.S.P.R. 365, 369 (2001) ("If an employee is covered by a CBA containing a grievance procedure that does not exclude WIGI withholdings from its coverage, and if the employee does not allege prohibited discrimination, she cannot appeal an agency's decision to withhold a WIGI; instead, the negotiated grievance procedure is the exclusive means for resolving the dispute.").

Here, the CBA provisions that were submitted to the MSPB appear to be silent on the issue of denial of a WIGI and certainly do not exclude WIGI withholdings from the grievance procedure's coverage. We thus agree with the MSPB that the CBA grievance procedures are Ms. Berry's exclusive remedial option.

Even if we were to accept, which we do not, Ms. Berry's argument that she had the option of pursuing either the negotiated grievance procedure or an appeal to the MSPB, we would nonetheless be compelled to affirm the MSPB's dismissal for lack of jurisdiction. Ms. Berry, as explained above, invoked her grievance rights upon learning that her WIGI had been "delayed," thereby waiving any MSPB appeal rights she might otherwise have had.

In a supplemental brief to this court, Ms. Berry alleges that Commerce's "delay" and subsequent denial of a WIGI were retaliatory and therefore discriminatory acts.[1] Ms. Berry is correct that the MSPB would have jurisdiction over a denial of a WIGI as a result of discrimination if all administrative avenues had been pursued (i.e., a properly filed request for reconsideration had been denied). See 5 C.F.R. § 1201.3(c)(1)(i). But the discriminatory circumstances under which MSPB jurisdiction is available are enumerated at 5 U.S.C. § 2302(b)(1), and retaliation is not such an act. Also, per 5 U.S.C. § 7121(d), "[a]n aggrieved employee affected by a prohibited personnel practice under section 2302(b)(1) of this title which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both" (emphasis added). Ms. Berry, having invoked her

---

[1] We note that Ms. Berry did not raise this argument in her earlier briefing to this court or in her briefing to the MSPB; and on the record before us, it does not appear that Ms. Berry raised the argument with Commerce.

grievance rights upon learning that her WIGI had been "delayed," electing the negotiated procedure, waived her statutory procedure.

III.

Finally, the MSPB held that, even if MSPB jurisdiction were not precluded by the CBA, the MPSB would nonetheless lack jurisdiction over Ms. Berry's appeal, because Commerce did not affirm its delay or its subsequent denial of a WIGI upon a request for reconsideration from Ms. Berry. See Priselac v. Dep't of the Navy, 77 M.S.P.R. 332, 335 (1998) ("The Board can exercise jurisdiction over an appeal from the withholding of a WIGI only if the agency has affirmed its initial determination upon reconsideration or has unreasonably refused to act on a request for reconsideration." (emphasis added)). Because the MSPB properly dismissed Ms. Berry's appeal for lack of jurisdiction in light of the CBA, we agree with the MSPB that it is unnecessary to reach this issue and, therefore, decline to do so. Accordingly, the MSPB's decision is affirmed.

No Costs.