NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARLTON A. RAMEY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3183

---

Petition for review of the Merit Systems Protection Board in Case No. SF0752100735-I-1.

---

Decided: April 5, 2012

---

CARLTON A. RAMEY, of Gardena, California, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Carlton A. Ramey ("Ramey") appeals from the Final Order of the Merit Systems Protection Board (the "Board") dismissing Ramey's petition for review as untimely filed. *See Ramey v. U.S. Postal Serv.*, No. SF-0752-10-0735-I-1, slip op. (M.S.P.B. May 13, 2011) ("Final Order"). We affirm.

## BACKGROUND

In a letter dated May 26, 2010, the United States Postal Service (the "agency") notified Ramey that on the ground of unacceptable conduct he would be removed from his position as a Mail Handler, effective June 4, 2010. Ramey appealed from the agency's decision, but as his appeal was pending he agreed to settle with the agency. On September 14, 2010, in view of the parties' settlement, the administrative judge issued an initial decision dismissing the appeal with prejudice. *See Ramey v. U.S. Postal Serv.*, No. SF0752100735-I-1, slip op. (M.S.P.B. Sept. 14, 2011) ("Initial Decision"). In that decision, the administrative judge advised Ramey that he could petition the Board for review of the decision by the deadline of October 19, 2010:

### NOTICE TO APPELLANT

This initial decision will become final on ***October 19, 2010***, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board.

*Id.* at 2.

On January 24, 2011, more than three months after the deadline, Ramey filed a petition for review of the Initial Decision on the basis that "management entered into the agreement under false pretences [sic]." Resp't App. 38. In a letter dated January 26, 2011, the Board stated that Ramey's petition was untimely because it was not filed by October 19, 2010. The Board informed Ramey that his petition would be accepted as timely only if he provided either a statement signed under penalty of perjury, or an affidavit, showing that his petition was timely filed or that good cause existed for the delay. In response, in a letter dated February 9, 2011, Ramey asked the Board for an extension of time to file previously unavailable evidence. According to Ramey, this evidence consisted of an audio transcript from a hearing before the California Unemployment Insurance Appeals Board ("CUIAB") that "will prove my case against the U.S. Postal Service." *Id.* at 35. Ramey explained that he "receive[d] the audio . . . on or about 1 or 3 Jan. 2011," and that he was waiting for a court reporter to prepare a transcript. *Id.* Ramey also enclosed with his letter a copy of a decision from the CUIAB mailed to Ramey on September 13, 2010. The CUIAB decision reversed an earlier ruling of the Economic Development Department and found that Ramey was not disqualified from receiving unemployment benefits because he was discharged from the agency for reasons other than misconduct. Ramey stated in his letter that he did not ask for an extension of time before the filing deadline because he was working on his case and trying to save his home from foreclosure and was not aware that he had missed the deadline.

In its Final Order dated May 13, 2011, the Board dismissed Ramey's petition for review as untimely filed

without good cause shown for the delay. The Board determined that Ramey failed to show due diligence by waiting until January 25, 2011, to provide the Board with a copy of the CUIAB decision. The Board also reasoned that the merits of the underlying removal are not relevant to the issue of the validity of the settlement agreement, so the audio transcript from the CUIAB hearing that Ramey sought to submit as new evidence was not likely to change the result of the Initial Decision. The Board further found that Ramey's other proffered reasons of general personal difficulties did not constitute good cause for his untimely filing.

Ramey appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of final decisions of the Board is circumscribed by statute. We may reverse a decision of the Board only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c). We review facts found by the Board in a determination of untimeliness for substantial evidence. *Espenschied v. Merit Sys. Prot. Bd.*, 804 F.2d 1233, 1238 (Fed. Cir. 1986). "We have repeatedly stated that the waiver of a regulatory time limit based on a showing of good cause is a matter committed to the Board's discretion and that this court will not substitute its own judgment for that of the Board." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) (internal quotation marks omitted). In determining whether good cause exists for an untimely filing, the Board may consider factors including "the length of

the delay, whether the appellant was notified of the time limit, the existence of circumstances beyond the appellant's control that affected his ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing." *Id.*

Ramey asserts that he did not act with bad faith or with ill intent. He argues that, because he was trying to save his house from foreclosure, the filing deadline should have been extended for good cause. He also contends that the new evidence concerning the CUIAB decision (which he refers to as the "EDD decision") is essential to making him whole.

The government responds that the Board properly dismissed Ramey's petition for review as untimely filed without a showing of good cause for delay. The government asserts that the administrative judge provided Ramey with a clear instruction that any petition for review must be filed by October 19, 2010, and that Ramey failed to prove that he exercised due diligence or ordinary prudence. According to the government, substantial evidence supports the administrative judge's findings that Ramey offered no reasonable excuse for the untimely filing.

We agree with the government that the Board did not abuse its discretion by dismissing Ramey's petition for review as untimely filed without a showing of good cause for the delay. The Board's rules set forth specific time limits for filing a petition for review. *See* 5 C.F.R. § 1201.114(d)–(f). Pursuant to those rules, the Initial Decision of the administrative judge clearly instructed Ramey that any petition for review must be filed by the deadline of October 19, 2010. Ramey does not contend

that he did not understand that instruction, nor has he alleged that he was unable to submit the CUIAB decision by the deadline. As the Board found, Ramey's delay in filing the CUIAB decision does not reflect due diligence on his part.

In addition, because the proffered new evidence does not relate to the validity of the settlement agreement, it is unlikely to change the result of the initial decision of which Ramey seeks review. *Armstrong v. Dep't of the Treasury*, 591 F.3d 1358, 1363 (Fed. Cir. 2010) ("When a petitioner delays before filing a petition for review, . . . or when a petitioner presents new evidence supporting a theory that he previously waived, . . . justice may require waiving the timeliness requirement *only when the new evidence is likely to change the result originally reached.*" (emphasis added)). Finally, the Board found that the personal difficulties alleged by Ramey did not constitute good cause for his untimely filing. Given the applicable law and standard of review noted above, we decline Ramey's invitation to substitute our own judgment for that of the Board. *See Zamot*, 332 F.3d at 1377.

## CONCLUSION

We have considered Ramey's arguments and find them unpersuasive. We therefore affirm the Board's judgment dismissing Ramey's petition for review.

## AFFIRMED

## COSTS

No costs.