# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRENT W. AMOS,<br>        Appellant, | DOCKET NUMBER<br>DA-0752-98-0122-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: December 5, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Yancey</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Cyntrena Cross-Peart</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2        A petition for review must be filed within 35 days after the issuance of the initial decision.  *See* 5 C.F.R. § 1201.114(e).  The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of his case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶3        The discovery of new evidence may establish good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant a different outcome from that of the initial decision.  *See Jones v. Department of Transportation*, 69 M.S.P.R. 21, 26 (1995), *aff'd*, 111 F.3d 144 (Fed. Cir. 1997) (Table).  When, as here, the initial decision dismissed an appeal as settled, newly discovered evidence would warrant a different outcome—thus establishing good cause for an untimely petition for review—if the evidence showed that the settlement agreement was invalid.  *Id.*  A settlement agreement is a contract between the parties and, as such, may be set aside or voided only on the basis of certain limited grounds, including fraud, coercion, or mutual mistake.  *Hamilton v. Department of Veterans Affairs*, 92 M.S.P.R. 467, ¶ 7 (2002).

¶4        On April 17, 2017, the appellant filed a petition for review of the March 16, 1998 initial decision, approximately 19 years late.  Petition for Review (PFR) File, Tab 2.  He asks the Board to set aside its filing deadline because of his discovery of alleged new evidence on February 15, 2017, that purportedly showed that the agency breached the 1998 settlement agreement.  PFR File, Tab 4.  The

alleged new evidence does not relate to or challenge the validity of the agreement.[2]

¶5    The appellant filed his petition for review 61 days after discovering the alleged new evidence.  PFR File, Tabs 2, 4.  We find his delay demonstrates that he failed to exercise due diligence in filing his petition for review.  *See Graves v. Department of Veterans Affairs*, 82 M.S.P.R. 38, ¶ 12 (1999) (finding that the appellant failed to show good cause for the late filing of his petition for review when he waited over 1 month after discovering alleged evidence of fraud in the settlement before filing a pleading with the Board); *Saunders v. Department of the Interior*, 56 M.S.P.R. 671, 673–74 (1993) (explaining that the appellant did not show due diligence or ordinary prudence when he delayed for 8 weeks before raising the agency's alleged misrepresentation in relation to a settlement agreement).

¶6    Even if the appellant could demonstrate that he exercised due diligence in filing his petition, we find that the proffered new evidence is not of sufficient weight to warrant an outcome different from the initial decision because the evidence does not relate in any way to the validity of the settlement agreement at issue.  *See Ramey v. Merit Systems Protection Board*, 476 F. App'x 253, 256 (2012) (affirming the Board's dismissing a petition for review as untimely filed when, among other things, the proffered new evidence did not relate to the validity of the settlement agreement and therefore was unlikely to change the result of the initial decision)[3]; *Jones*, 69 M.S.P.R. at 26.

---

[2] The appellant's allegations of breach of the 1998 settlement agreement are addressed separately by the Board in a compliance proceeding.  *Amos v. Department of Justice*, MSPB Docket No. DA-0752-98-0122-C-2.

[3] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive.  *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

¶7     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.