**Gene M. MUNSON, Petitioner,**

**v.**

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3171.**

United States Court of Appeals, Federal Circuit.

Feb. 3, 2003.

Gene M. Munson, of Arlington, VA, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC. With her on the brief was Martha B. Schneider, Acting General Counsel. Of counsel was Jeffrey A. Gauger, Attorney.

Before BRYSON, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

Gene M. Munson ("Munson") seeks review of a final decision by the Merit Systems Protection Board ("Board") dismissing as untimely his appeal of the constructive denial by the Department of Commerce ("agency") of Munson's request for reconsideration of the denial of a within-grade increase scheduled for October 2, 1994. *See Munson v. Dep't of Commerce*, 90 M.S.P.R. 583 (M.S.P.B. 2002) ("Final Decision"). The Board dismissed Munson's appeal as untimely because it was filed over two years and seven months late and there was no good cause for the delay. Because the Board's decision is not in accordance with law, we reverse and remand.

## BACKGROUND

The relevant facts are not in dispute. Munson has been employed since 1974 by the United States Patent and Trademark Office ("PTO"), an office within the agency, as a patent examiner. Federal employees, such as Munson, are entitled to within-grade increases after prescribed periodic waiting periods if their work is of an "acceptable level of competence as determined by the head of the agency." 5 U.S.C. § 5335(a) (1994). On October 2, 1994, Munson completed his then applicable three-year waiting period for a within-grade increase. In a decision dated December 12, 1994, but not served on Munson until January 5, 1995 ("the original denial"), the agency informed Munson that his within-grade increase due October 2, 1994 was denied. The stated basis for the denial was that his performance rating was less than fully acceptable on the record developed at that time. On January 18, 1995, Munson timely requested reconsideration of the denial by the agency. While the request for reconsideration was pending, the agency without explanation granted Munson a within-grade increase, effective March 5, 1995. Thereafter, Munson filed grievances with the agency, arguing that the March 5, 1995 within-grade increase should be made retroactive to October 2, 1994. The grievances were subsequently denied.

On November 3, 1997, Munson petitioned the Board for review of his request for reconsideration of the denial of his October 2, 1994 within-grade increase. On July 22, 1999, the Board dismissed the petition for lack of jurisdiction, determining that Munson had filed grievances through procedures in a collective bargaining agreement and that the agency's practice of following these procedures made the procedures "binding and enforceable as to both parties," foreclosing further re-

view. *See Munson v. Dep't of Commerce,* 83 M.S.P.R. 80 (M.S.P.B.1999). Munson appealed the dismissal based on lack of jurisdiction to this court. Because the grievance procedures under the collective bargaining agreement had never taken effect and, thus, did not preclude Munson's appeal to the Board, we reversed and remanded the case back to the Board. *See Munson v. Merit Sys. Prot. Bd.,* 216 F.3d 1037 (Fed.Cir.2000) *("Munson I").*

On remand, the Administrative Judge ("AJ") determined that the appeal to the Board filed November 3, 1997, was not timely based on a requirement that an appeal be filed within thirty calendar days of the effective date of an action or receipt of notice of the action, citing 5 C.F.R. § 1201.22(b). *See Munson v. Dep't of Commerce,* No. DC–531D–98–0094–M–1 (M.S.P.B. Dec. 22, 2000) ("Initial Decision"). The AJ noted that Munson filed his appeal approximately two years and eleven months after the within-grade increase was effectively denied. The AJ also concluded that Munson should have been and was aware of his appeal rights long before his appeal was filed and, thus, was not diligent. The AJ further found that Munson had not established good cause for the untimely filing.

On petition for review, the Board affirmed the Initial Decision by a split panel. The Board characterized the AJ's Initial Decision as holding that the triggering event for timeliness was the date on which Munson received notification of the March 5, 1995 within-grade increase. *See Final Decision* at 588. The Board upheld the AJ's determination that, even without notification of his appeal rights from the agency, Munson should have known of his appeal rights long before he filed the appeal and that there was no good cause for delay. *See id.* at 589. In particular, the Board pointed to testimony of Munson as indicating that he knew of these rights:

So in this particular case had my waiting period [for my next within-grade increase] been one year, then I would have filed an appeal in 1995. If my waiting period had been two years, then I would have filed in—within 30 days after October 1996.

As it was, my waiting period was three years, so the only date that I thought it would be prudent, I had better file an appeal or I'd lose my rights came about in November of—well, the date—the triggering date would be October 12, 1997, and I did file within 30 days of that.

*Id.*

Munson appeals the dismissal of his petition and argues: (a) that the decision in *Munson I* forecloses the Board from consideration of the timeliness issue; (b) that the appeal was in fact timely filed; and (c) that the Final Decision denied him due process. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. STANDARD OF REVIEW

The scope of review in an appeal from a decision by the Board is strictly limited by statute. Specifically, we must affirm the Board's decision, unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir.2002).

### B. ANALYSIS

#### I

■ Munson first raises the argument that the Board was foreclosed from consid-

ering the timeliness issue on remand because the Board, in *Munson I,* was ordered to adjudicate the merits of the case. We disagree. Although the timeliness issue was previously raised, neither the AJ nor the Board reached that issue in the decisions leading to *Munson I.* The sole issue decided in *Munson I* was jurisdiction. Consequently, the matter of timeliness was not before this court in that case. For that reason, the Board was not precluded from addressing it on remand.

## II

To receive a within-grade increase, an employee's work must be at "an accept-able level of competence," as determined by the head of the agency in question. 5 U.S.C. § 5335(a); *Goines v. Merit Sys. Prot. Bd.,* 258 F.3d 1289, 1290 (Fed.Cir. 2001). If it is determined that the employee's work is not at an acceptable level, the employee by statute "is entitled to prompt written notice of that determination and an opportunity for reconsideration of the determination within his agency under uniform procedures prescribed by the Office of Personnel Management. If the determination is affirmed on reconsideration, the employee is entitled to appeal to the Merit Systems Protection Board." 5 U.S.C. § 5335(c); *Goines,* 258 F.3d at 1290–91. If a request for reconsideration is denied, the applicable regulation specifies that "[the] employee shall be informed in writing of the reasons for the decision and of his or her right to appeal the decision to the [Board]." 5 C.F.R. § 531.410(d). Following the denial of a request for reconsideration, any "appeal [to the Board] must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." *Id.* § 1201.22(b).

■ In this case, no action was taken on Munson's request for reconsideration.

Moreover, no written decision on reconsideration was ever issued. Instead, the agency simply granted Munson a within-grade increase five months after the end of the required three-year waiting period. The agency furnished no explanation for the delay. The SF–50 form notifying Munson of the effective date of the within-grade increase was not a decision on reconsideration, was not accompanied by any explanation for the delay in granting the within-grade increase, and did not provide Munson with notice of his right to appeal, as specified in 5 C.F.R. § 531.410(d).

Even though the agency never issued a written decision on Munson's request for reconsideration, the Board determined that the belated grant of the within-grade increase should have indicated to Munson that his request for reconsideration was denied. The Board then held that the grant of the within-grade increase was the trigger for the start of the thirty-day appeal period. The Board concluded that an appeal should have been filed on or about April 9, 1995, or thirty days from the date of the granted within-grade increase plus five days for mailing. The Board points to the fact that Munson pursued grievance proceedings seeking to make the within-grade increase retroactive to October 1994 as proof that Munson was aware of his right to appeal despite the absence of a written notice or explanation. We disagree.

The decision on Munson's grievance evinces nothing about the agency's position on Munson's request for reconsideration. The grievance sought to make the after-the-fact March 1995 within-grade increase retroactive on the ground that the PTO had an alleged practice of making within-grade increases retroactive when later granted on improved performance. The request for reconsideration sought to overturn the original denial. The request for

reconsideration was not, and could not have been, concerned with retroactivity because the within-grade increase had not been granted when the request for reconsideration was filed. Neither the resolution of the grievance proceedings nor the belated grant of the within-grade increase explained why the within-grade increase was not approved and made effective when originally due.

The grievance denied Munson's request for retroactive grant of the within-grade increase on the ground that the PTO "does not have an established practice of granting retroactive [within-grade increases] for employees who fail to have an acceptable level of performance, unless the initial determination of less than 'Fully Successful' is reversed." Letter from the Deputy Assistant Commissioner for Patents to Lawrence J. Oresky, Patent Office Professional Association Representative (Dec. 2, 1996) (emphasis in original). Thus, the denial of the grievance was predicated on the negative initial determination. The decision on the grievance explained why the within-grade increase was not being made retroactive, but did not explain why the initial determination on the within-grade increase due in October 1994 was negative. Indeed, the decision on Munson's grievance was predicated on and assumed the existence of the initial negative determination that Munson now seeks to reverse. The Board's decision improperly confuses and conflates the retroactivity issue decided in Munson's grievance with the substantive basis for the initial negative determination of his within-grade increase. Neither the belated grant of the within-grade increase, nor Munson's pursuit of grievance proceedings on the retroactivity question, supports the Board's determination that the appellant "was aware, or should have been aware, that as of March 5, 1995, his request for reconsideration of the denial of his within-grade increase ... would not be granted." *Final Decision* at 588.

The Board admits that "there is no indication *exactly* when the appellant learned that he had a right to appeal the denial of his within-grade increase to the Board," but nonetheless holds that Munson did know of his right to appeal at some point and was thenceforth not diligent. *Id.* (emphasis in original). Munson, on the other hand, explains that, without the reconsideration decision from the agency, the first date at which he was aware that the agency had denied his request was on the date that his next within-grade increase was due, namely October 12, 1997. Because the agency did not make a determination about Munson's level of competence on that date, it became clear to him only then that the agency would not be granting his within-grade increase retroactive to October 1994. Munson reasonably believed that his appeal rights attached at that time and filed his appeal in a timely fashion thereafter.

Munson's testimony does not support the Board's holding that Munson was sitting on his rights. It merely shows that Munson appealed as soon as he believed that a negative determination had been made and had become final. The fact is that it was the agency that was dilatory in failing to act on his request for reconsideration and, in turn, failing to furnish Munson with the required notice of the reasons for denial and an explanation of his right to appeal to the Board. 5 C.F.R. § 531.410(d).

As the applicable regulation makes clear, "[w]hen a negative determination is sustained after reconsideration, an employee *shall* be informed in writing of the reasons for the decision and of his or her right to appeal the decision to the [Board]." *Id.* (emphasis added). It is the receipt of such written notice by the employee that triggers the running of the thirty-day appeal period of 5 C.F.R.

§ 1201.22(b). Here, the government, by failing to act on Munson's timely request for reconsideration and, in turn, failing to notify him in writing of the reasons for the decision, cannot foreclose his right to diligently seek appellate review.

Because Munson did not sit on his rights and never received the required written decision on his request for reconsideration, the thirty-day deadline for filing his appeal was never triggered. The Board's conclusions that Munson's appeal was untimely and that Munson failed to act diligently were not in accordance with law.

### III

Because we find that Munson's appeal was timely filed, we need not and do not reach his due process argument.

### CONCLUSION

The Final Decision of the Board dismissing Munson's appeal as untimely is reversed. The case is remanded to the Board for adjudication of the merits of the appeal.

REVERSED AND REMANDED.