**Susan H. LEAPTROTT, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3134.

United States Court of Appeals, Federal Circuit.

DECIDED: June 14, 2004.

Before CLEVENGER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Susan H. Leaptrott ("Leaptrott") seeks review of the Merit Systems Protection Board's ("Board") final order affirming the action of the Office of Personnel Manage-

ment ("OPM") in denying as untimely Leaptrott's request for reconsideration of OPM's earlier denial of her request for disability retirement annuity benefits. *Leaptrott v. Office of Personnel Management,* No. AT–831E–03–0533–I–1, 95 M.S.P.R. 431 (M.S.P.B. Nov.20, 2003) *("Final Decision")*. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm.*

## BACKGROUND

OPM denied Leaptrott's application for disability retirement based upon her failure to meet various eligibility criteria. On October 1, 2001, OPM notified Leaptrott in writing of its decision, provided an explanation of the reconsideration procedure, emphasized the 30–day deadline for such requests, and indicated that requests falling outside this period would generally be dismissed. Leaptrott contends that on October 29, 2001, she mailed a handwritten request for reconsideration pursuant to a telephone conversation with OPM on that same day. She further contends that she hired an attorney in December 2001.

However, OPM did not receive a reconsideration request until a communication on November 6, 2002 from Leaptrott's attorney. On February 27, 2003, OPM notified Leaptrott and her attorney that her request was filed after the deadline and provided an opportunity for Leaptrott to produce evidence supporting a waiver of the deadline before rendering a final decision in her case. However, OPM received nothing in response to this offer, despite a personal phone call to Leaptrott's attorney on March 28, 2003 and an extension of time to produce such evidence. On April 7, 2003, OPM issued its final decision dismissing Leaptrott's request for reconsideration as untimely filed.

Leaptrott timely appealed this decision to the Board. She testified by telephone to the presiding administrative judge that she had mailed the request on time. In a July 10, 2003 initial decision, the Board refused to accept her version of the facts and found her not credible based on her inconsistent testimony and presentation of seemingly implausible scenarios. *Leaptrott v. Office of Personnel Management,* No. AT–831E–03–0533–I–1, slip op. at 4–5 (M.S.P.B. July 10, 2003) *("Initial Decision")*. On November 20, 2003, the Board refused Leaptrott's petition for review of this initial decision because Leaptrott presented no new evidence and did not show any material legal or regulatory error by the administrative judge. *Final Decision,* slip op. at 1. Leaptrott timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) (2000).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Munson v. Merit Sys. Prot. Bd.,* 318 F.3d 1358, 1360 (Fed.Cir. 2003).

In its final decision, the Board affirmed OPM's denial of Leaptrott's request for reconsideration because she failed to file her request within the 30–day time limit imposed by statute. OPM may waive the 30–day reconsideration deadline if the applicant "shows that [she] was not notified of the time limit and was not otherwise aware of it, or that [she] was prevented by circumstances beyond [her] control from making the request within the time limit."

5 C.F.R. § 831.109(e)(2) (2004). Here Leaptrott concedes that she had notice and was fully aware of the deadline for filing a request for reconsideration. Thus, Leaptrott cannot meet the requirements for waiver of the 30–day reconsideration deadline.

Instead, Leaptrott argues that the Board erred in not considering her personal affidavit stating that she filed her request for reconsideration within the 30–day time limit. During the Board's hearing in this matter, Leaptrott testified that she sent her request via certified mail within the 30–day time limit required by the statute. However, the Board found that Leaptrott was not credible. *Initial Decision,* slip op. at 4–5. In support of its finding, the Board cited: (1) Leaptrott's delay in filing her request for reconsideration until near the end of the 30–day period allegedly while searching for a typewriter despite being told by the OPM representative to submit an informal, one sentence request for reconsideration; (2) Leaptrott's failure to locate her certified mail receipt or to request a copy of the receipt from the United States Postal Service; and (3) Leaptrott's inconsistent testimony regarding the number of phone calls she made to OPM after filing her request for reconsideration. *Id.* A credibility determination by the Board is "virtually unreviewable" by this court. *See Henry v. Dep't of Navy,* 902 F.2d 949, 953 (Fed.Cir.1990). We must affirm the Board's determination unless it is not supported by substantial evidence. We cannot say that the Board's determination was not so supported.