NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3270

CHRISTINE D. TOMEI,

Petitioner,

v.

DEPARTMENT OF EDUCATION,

Respondent.

_____

DECIDED:  November 5, 2004

_____

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Christine D. Tomei ("Tomei") seeks review of the Merit Systems Protection Board's ("Board") final order denying Tomei relief pursuant to the Whistleblower Protection Act of 1989 ("Whistleblower Protection Act"), Pub. L. 101-12, 103 Stat. 16. Tomei v. Dep't of Educ., No. DC-1221-02-0810-W-1 (M.S.P.B. May 30, 2004) ("Order"). Because the Board's decision was not arbitrary, capricious, an abuse of discretion or contrary to law, and further was supported by substantial evidence, we affirm.

BACKGROUND

Beginning February 14, 2000, the Department of Education ("agency") employed Tomei for a one-year probationary period as an Education Program Specialist, GS-1720-13, in its Office of Postsecondary Education. On February 9, 2001, the agency terminated Tomei. The stated reasons were (1) unacceptable conduct and (2) deliberate refusal to comply with supervisory instructions. Tomei v. Dep't of Educ., No. DC-1221-02-0810-W-1, slip op. at 2 (M.S.P.B. May 23, 2003) ("Opinion").

On September 17, 2002, Tomei filed an individual right of action appeal alleging that the termination was in retaliation for disclosures protected under the Whistleblower Protection Act. The Administrative Judge found that Tomei was a covered employee for the purposes of appeal, that Tomei timely filed her appeal, and that the Board had jurisdiction over the whistleblowing claim. Id. at 1.

The Administrative Judge bifurcated the appeal. The Administrative Judge explained that "where the appellant makes non-frivolous allegations that she was terminated in retaliation for making protected disclosures, an [Administrative Judge] may properly hold an initial hearing limited to the question of whether the employee would have been properly terminated absent the disclosures." Id. at 4 (citing Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1363-64 (Fed. Cir. 2002)).

The Administrative Judge held a hearing on March 20, 2003, the focus of which was whether the agency could prove by clear and convincing evidence that it would have terminated Tomei absent protected disclosures. Id. at 5. The Administrative Judge listed factors it would consider: "[t]he strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of

agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." Id. at 7 (citing Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999)).

Considering both testimonial and documentary evidence, id. at 9-23, the Administrative Judge found that the agency showed by clear and convincing evidence that it would have terminated Tomei absent the protected disclosures, id. at 23-25. The Administrative Judge found that much of the testimonial and documentary evidence on behalf of the agency's position was not directly challenged and that "the appellant's unacceptable conduct and deliberate refusal to comply with supervisory instructions warranted her probationary termination." Id. at 23.

The Administrative Judge made credibility determinations and found the agency's version of Tomei's misconduct at certain staff meetings to be more believable than Tomei's version. Id. at 24. The Administrative Judge also found that some of Tomei's emails were "inappropriate," "lacked the necessary respect," or "showed a lack of good judgment." Id. The Administrative Judge noted that Tomei was "disruptive, rude, and intimidating, not only to her supervisor, but to other staff members, and even outside parties." Id. The Administrative Judge concluded that "[t]he strength of the evidence . . . and the absence of any real motive to retaliate on the part of the agency official who made the termination decision" supported his findings. Id. at 25. The Board denied Tomei's petition for review, and the Administrative Judge's initial decision became the final decision of the Board. Order at 1-2.

Tomei timely appealed the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited by statute. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Munson v. Merit Sys. Prot. Bd., 318 F.3d 1358, 1360 (Fed. Cir. 2003).

Tomei argues that (1) the Administrative Judge erred in applying evidentiary and other procedural rules and (2) the Administrative Judge erred in concluding that Tomei was "wrong" in blowing the whistle. Tomei requests that we overturn the Board's order and asks for reinstatement of status, expungement of her record, and back pay and benefits per U.S. Office of Personnel Management standards. Additionally, Tomei asks that we sanction the Administrative Judge for failing to uphold the Board's mission and discipline the agency lawyers for removing or altering evidence.

First, Tomei argues that the Administrative Judge erred in bifurcating the hearing and not allowing her to present direct evidence surrounding her whistleblowing activity. The Administrative Judge did not commit legal error. Administrative Judges have discretion in determining the order of presentation of the issues in cases before them, including the bifurcation of cases under the Whistleblower Protection Act. See Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1363-64 (Fed. Cir. 2002).

Tomei next challenges the Administrative Judge's decisions to allow and exclude certain witnesses. "A determination to allow or exclude witness testimony[, however,] is within the sound discretion of the administrative judge." Guise v. Dep't of Justice, 330 F.3d 1376, 1379 (Fed. Cir. 2003). Here, the Administrative Judge did not abuse that discretion. The agency put on witnesses to prove that it would have terminated Tomei absent the protected disclosure. Tomei had the opportunity to cross-examine those witnesses and testify herself. See Opinion at 15, 19-21, 23.

Tomei also challenges several evidentiary rulings. We review evidentiary decisions for abuse of discretion, McEnery v. Merit Sys. Prot. Bd., 963 F.2d 1512, 1514 (Fed. Cir. 1992), and find no abuse here. The focus of the March 20, 2003 hearing was the issue of whether the agency would have terminated Tomei absent the protected disclosures. Direct evidence regarding Tomei's whistleblowing activity was irrelevant to that issue. What was relevant was Tomei's conduct during her employment. To the extent Tomei contends that witnesses testifying on that issue were biased because of Tomei's whistleblowing, Tomei had the opportunity to bring out that bias on cross-examination.

Finally, Tomei argues that the Administrative Judge erred in concluding that she was "wrong" in blowing the whistle. Tomei, however, misinterprets the Administrative Judge's determination. The Administrative Judge concluded that there was clear and convincing evidence that the agency would have terminated Tomei absent the protected disclosure. We can review this conclusion only to determine whether there was substantial evidence to support it. 5 U.S.C. § 7703(c) (2000).

04-3270                                                                                  5

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Propellex Corp. v. Brownlee, 342 F.3d 1335, 1338 (Fed. Cir. 2003). "Clear and convincing evidence" is "evidence which produces in the mind of the trier of fact an abiding conviction that the truth of a factual contention is 'highly probable.'" Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (quoting Buildex, Inc. v. Kason Indus., Inc., 849 F.2d 1461, 1463 (Fed. Cir. 1988)). "Suspicion and speculation . . . do not rise to the level of clear and convincing evidence." Hageny v. United States, 570 F.2d 924, 937 n.16 (Ct. Cl. 1978).

The agency put on evidence that absent the protected disclosures it would have terminated Tomei because of her (1) unacceptable conduct and (2) deliberate refusal to comply with supervisory instructions. The Administrative Judge focused his conclusions on the extensive testimonial evidence of Tomei's conduct during staff meetings; her documented emails to supervisors, peers, and outsiders; and testimonial evidence regarding her one-on-one interactions with others. See Opinion at 23-25. The Administrative Judge made credibility determinations. Id. at 24.

Reviewing the record, there is such evidence as a reasonable mind might accept as adequate to support the conclusion that Tomei's unacceptable conduct would have caused the agency to terminate her probationary employment absent the protected disclosure. A reasonable mind could find that there was solid evidence—not merely that leading to speculation—that the agency would have terminated Tomei for this reason alone. Thus, substantial evidence supports the Administrative Judge's conclusion.

CONCLUSION

Because the Board's decision was not arbitrary, capricious, an abuse of discretion or contrary to law, and further was supported by substantial evidence, we affirm. Moreover, because sanctions against the Administrative Judge and discipline of the agency lawyers are not warranted on the record before us, Tomei's request for such action is denied.