NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3087

MINNIE L. NOBLE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  July 8, 2005

_____

Before MAYER, RADER, and LINN, Circuit Judges.

PER CURIAM.

Minnie L. Noble ("Noble") seeks review of the Merit Systems Protection Board's ("Board") final order denying Noble relief pursuant to the Whistleblower Protection Act of 1989 ("Whistleblower Protection Act"), Pub. L. 101-12, 103 Stat. 16.  Noble v. Dep't of the Air Force, No. SF-1221-03-0551-W-1 (MSPB Dec. 17, 2004) ("Order").  As to Noble's non-promotion claim, because the Board's determination that Noble failed to establish Board jurisdiction was not arbitrary, capricious, an abuse of discretion, or contrary to law, and was supported by substantial evidence, we affirm that determination.  However, as to Noble's claim regarding the denial of advanced sick leave, because the Board's finding that Noble did not exhaust her remedies before the

Office of Special Counsel ("OSC") was not supported by substantial evidence, we reverse the Board's decision on that issue and remand.

## I. BACKGROUND

Noble, a 20-year employee of the Department of the Air Force ("the Agency"), is a Housing Administrative Assistant, GS-1101-4, at the Travis Air Force Base in California. In September 2002, an external recruitment notice was posted for a higher-graded position (GS-5). Noble, as an employee, was ineligible for that position. It was a position and promotion that she believed she had been promised by her supervisor. In November 2002, Noble was reassigned from Military Family Housing to Unaccompanied Housing, a position with less visibility and responsibility. As of November 27, 2002, Noble was aware that she would not be upgraded or promoted by classification to the GS-5 level, and would not be allowed to apply for the vacant position.

On December 30, 2002, Noble made disclosures to the Inspector General alleging improprieties by her supervisor. The Inspector General investigated and found no violations regarding Noble's allegations. On January 27, 2003, and February 20, 2003, Noble requested and was denied advanced sick leave for surgery, to correct a torn rotator cuff sustained during an October 2002 auto accident. After being denied advanced sick leave, on February 20, 2003, Noble notified the OSC alleging an obstruction of her right to compete for promotion and the denial of advanced sick leave as retaliation for her December 2002 whistleblowing activity. On May 23, 2003, OSC closed its inquiry into Noble's allegations of retaliation for her whistleblowing activities, finding no retaliation.

On July 26, 2003, Noble filed an individual right of action ("IRA") appeal with the Board, alleging that she was subjected to two personnel actions in reprisal for disclosures protected under the Whistleblower Protection Act. Specifically, she alleged that the Agency obstructed her right to compete for a promotion by only accepting applications from external candidates for a position which would constitute a promotion and that the Agency denied her request for advanced sick leave. In an initial decision, the Administrative Judge found that Noble was a covered employee for the purposes of appeal, that Noble timely filed her appeal, and that the Board would have jurisdiction over the whistleblowing claim. Noble v. Dep't of the Air Force, No. SF-1221-03-0551-W-1, slip op. at 1 (MSPB Mar. 24, 2004) ("Opinion").

The Administrative Judge then explained that Noble had to show that she had exhausted her OSC remedies; that she had made nonfrivolous allegations that she had engaged in whistleblowing activity by making a disclosure under 5 U.S.C. § 2302(b)(8); and that the disclosure was a contributing factor in the agency decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). Opinion at 4. The Administrative Judge found that, with regard to the non-promotion claim, Noble had exhausted her remedies before OSC, that she had made a protected disclosure, and that the non-promotion was a "personnel action" covered by the Whistleblower Protection Act. Id. at 5. However, the Administrative Judge found that Noble's whistleblower disclosures occurred after the Agency precluded her from applying for the higher-grade position, and therefore she could not establish that her allegations were a contributing factor to the Agency action. The Administrative Judge noted that, to be a contributing factor, a personnel action must take place after the protected disclosure

was made, citing Horton v. Dep't of the Navy, 66 F.3d 279, 283-84 (Fed. Cir. 1995). Opinion at 5-6. The Administrative Judge based his conclusions on the timeline established and undisputed by the parties. Id. at 2-3. Thus, the Administrative Judge held that Noble failed to establish Board jurisdiction and dismissed the appeal without a hearing. Id. at 2.

The Administrative Judge also found that the Board had no jurisdiction over the claim involving advanced sick leave because Noble had not raised the allegation in her complaint to the OSC. Id. at 3-5. The Administrative Judge based his finding on the February 20, 2003, complaint filed by Noble to the OSC. The record shows, however, additional correspondence in May 2003, between the OSC and Noble, and that the OSC addressed and dismissed her claim regarding advanced sick leave.

The Initial Decision became final on December 17, 2004, when the Board denied Noble's petition for review. Noble timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II. DISCUSSION

The scope of our review in an appeal from a Board decision is limited by statute. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Munson v. Merit Sys. Prot. Bd., 318 F.3d 1358, 1360 (Fed. Cir. 2003).

Noble argues that the Administrative Judge's findings with respect to the non-promotion claim and the advanced sick leave claim were not supported by substantial

evidence. Noble requests that we overturn the Board's Order, that we promote her to a grade of GS-9, and that we award her compensatory damages.

The Administrative Judge determined that Noble made a protected disclosure in December of 2002 <u>after</u> the personnel action in November of that same year in which she was denied the opportunity to apply for the higher-graded position. Thus, her disclosure could not have been a contributing factor in the decision to make the higher-graded position available only to external candidates. <u>Horton</u>, 66 F.3d at 283-84 (holding that, in order to be a contributing factor, the protected disclosure must take place before the personnel action). Substantial evidence supports this part of the Administrative Judge's decision.

Noble contends that she exhausted her administrative remedies as to both of her claims. Respondent now concedes that the Board erred in dismissing Noble's advanced sick leave claim for lack of jurisdiction. The Administrative Judge examined only Noble's complaint with the OSC and did not consider the May 2003 correspondence, which Respondent concedes shows exhaustion. Because proof of exhaustion need not be limited to the complaint filed with the OSC, <u>Kalil v. Dep't of Agriculture</u>, 96 M.S.P.R. 77, 81 (2004), we agree with Noble that substantial evidence does not support the Board's finding that Noble did not exhaust her administrative remedies as to her advanced sick leave claim.

## CONCLUSION

Because the Board's denial of the non-promotion claim was not arbitrary, capricious, an abuse of discretion, or contrary to law, and was supported by substantial evidence, we <u>affirm</u> that determination. However, because substantial evidence did not

support the finding that Noble did not exhaust her remedies before the OSC regarding the denial of advanced sick leave, we <u>reverse</u> and <u>remand</u> that claim. Accordingly, we <u>affirm-in-part</u>, <u>reverse-in-part</u>, and <u>remand</u>.