NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3271

ARTIS D. GOODLOE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Artis D. Goodloe, of Chicago, Illinois, pro se.

Jeremiah M. Luongo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3271

ARTIS D. GOODLOE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in case CH0752070621-I-1.

_____

DECIDED: April 2, 2009

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, <u>Circuit Judge</u>, and CUDAHY, <u>Senior Circuit Judge</u>.[*]

PER CURIAM.

Artis D. Goodloe appeals the April 11, 2008, decision of the United States Merit Systems Protection Board ("MSPB") denying his petition for review that made final the November 19, 2007, decision of the administrative judge, which dismissed his appeal, without a hearing, for lack of jurisdiction for purportedly failing to assert a non-frivolous claim for jurisdiction. The government concedes that the administrative judge erred. For the reasons set forth below, we <u>vacate</u> and <u>remand</u>.

_____

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

I. BACKGROUND

Mr. Goodloe was employed as a Custodial Laborer by the U.S. Postal Service ("USPS"). From January 2004 to April 2005, Mr. Goodloe was involved in a number of absences from work, which eventually led to the USPS issuing a notice of suspension to Mr. Goodloe for his failure to maintain a regular schedule and for his unauthorized absences. In April 2005, Mr. Goodloe filed a grievance, which was ultimately settled by the USPS and the union (on behalf of Mr. Goodloe). In March 2006, the USPS issued another letter of intent concerning Mr. Goodloe's absence from duty without pay for over a year. Later that same month, the USPS issued a notice of proposed removal, in which it detailed much of Mr. Goodloe's problematic employment history. Mr. Goodloe submitted a letter along with two pages of medical documentation in an attempt to explain his absence. On April 6, 2006, through a Letter of Decision, the USPS determined that, given the lengthy absence and the lack of suitable explanation, Mr. Goodloe's removal was warranted and effective as of April 12, 2006.

On April 18, 2006, Mr. Goodloe and his union representative filed a grievance, but Mr. Goodloe did not appeal the removal to the MSPB at that time. In July 2007, the settlement of the grievance was memorialized in a written agreement, signed by a USPS representative and, on behalf of Mr. Goodloe, a union representative. The settlement agreement required Mr. Goodloe to tender his resignation by September 16, 2007. He never did, so his removal became effective as of that date.

In August 2007, Mr. Goodloe, acting pro se, appealed to the MSPB. He contended that he has post-traumatic stress disorder and "was unaware of what" had been occurring with his grievance and that he had "acceptable documentation"

concerning his absences. He wrote that his "union and management" were "working against [him]." He also asserted that the union was not acting on his behalf in the settlement of the grievance.

On August 21, 2007, the administrative judge ("AJ") issued an "Acknowledgment Order," which explained the Board's limited jurisdiction. In response, Mr. Goodloe himself submitted a letter in which he detailed the merits of his appeal. Among other things, Mr. Goodloe argued that he was not kept informed of the grievance proceedings, was never told when the arbitration would be held, and was promised his job back after the union met with the agency. In this same letter, Mr. Goodloe also asserted that he heard nothing further from the union until receiving a certified letter containing the pre-arbitration settlement agreement signed by the USPS and union representatives. He also requested a hearing. In September 2007, Mr. Goodloe filed a second letter, again detailing the merits of his case and alleging that he had "been tricked and lied to from union and management to the point where [he] had to stop certain meds so that [he] could understand what [was] going on." Additionally, he argued that he was never informed of his rights.

In October 2007, during a telephonic status conference, the AJ "determined that this appeal is a removal and not an involuntary resignation as [Mr. Goodloe] never tendered his resignation to the agency." The AJ decided that she would schedule a hearing for the appeal.

In November 2007, USPS filed a motion to dismiss, arguing that the settlement agreement extinguished Mr. Goodloe's right to appeal. The USPS also urged that the

appeal involved a "forced resignation," and that Mr. Goodloe was removed more than sixteen months before he filed his appeal with the Board.

The AJ then issued an Order to Show Cause, requiring Mr. Goodloe to file argument and evidence to prove that the Board had jurisdiction over his appeal. In response, Mr. Goodloe, still acting pro se, made a submission in which he made various allegations, similar to those previously made, including that his union failed to inform him about the status of his grievance or provide any notice about the pre-arbitration settlement.

On November 19, 2007, without holding a hearing, the AJ issued her initial decision dismissing Mr. Goodloe's appeal for lack of jurisdiction. In doing so, the AJ made two determinations. First, the AJ concluded that Mr. Goodloe had not raised a non-frivolous allegation to establish the Board's jurisdiction, and therefore, she ruled without holding a hearing. Second, the AJ held that Mr. Goodloe had not proven that his settlement agreement was involuntary. The AJ held that the settlement agreement effected a waiver of Mr. Goodloe's right to contest his removal to the Board. The AJ ruled that Mr. Goodloe had "not demonstrated that the grievance settlement was an involuntary act as he ha[d] not established that he was unaware of the union's activity, had not designated the union as his representative, and did not initiate the grievance." The AJ concluded that Mr. Goodloe merely argued "that his union representation was inadequate," and that, based on precedent, his "dissatisfaction with his union representation [was] insufficient to disturb the settlement agreement."

Mr. Goodloe filed a petition for review to the Board, dated November 21, 2007. On April 11, 2008, the Board issued a final order denying Mr. Goodloe's petition.

Mr. Goodloe filed his informal brief with this court on August 26, 2008. The USPS filed its informal brief on February 17, 2009.

## II. DISCUSSION

The scope of our review of an appeal from a Board decision is limited. We can only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Whether the Board has jurisdiction to hear an appeal is a legal question reviewed de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). The appellant below shoulders the burden of proving jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i) (2008); Garcia v. Dep't of Homeland Security, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). "Once a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, then the claimant has a right to a hearing." Garcia, 437 F.3d at 1344 (emphasis added).

The government concedes that the Board erred when it concluded that Mr. Goodloe failed to make a non-frivolous claim. We agree with the government that Mr. Goodloe presented a non-frivolous allegation of involuntary removal. The government admits that

> [t]hroughout the board proceedings, Mr. Goodloe alleged that he never gave his union representative authority to settle his case, that he was promised by his union representative that he would get his job back, and that he believed the union agreed to have him removed because of a deal the union had worked out with the agency to benefit itself.

Respondent's Br. at 20. In addition, the government agrees that Mr. Goodloe "also challenged the underlying facts of his removal, arguing that his removal due to being absent without official leave was unjustified because he had sufficient documentation to explain his absences." Id. at 21. Our review of the record confirms the government's view. Therefore, the AJ should have afforded Mr. Goodloe an evidentiary hearing on jurisdiction. Accordingly, on remand, the Board must provide such a hearing to assess whether Mr. Goodloe can meet his burden of proving jurisdiction over his appeal, assuming, as explained below, it is determined that the appeal was timely filed or there exists good cause for any delay in filing.

In its brief, the government also raises the timeliness of Mr. Goodloe's appeal. The government notes that Mr. Goodloe filed his appeal approximately sixteen months after he received the April 1, 2006, letter of decision. If so, then such an appeal would be untimely, as Mr. Goodloe's appeal from the Postal Service's decision should have been filed "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b) (2008). Of course, Mr. Goodloe may be able to show that he had good cause for the delay. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994). This is for the Board to assess on remand. Munson v. Merit Sys. Prot. Bd., 318 F.3d 1358, 1361 (Fed. Cir. 2003). If he cannot do so, the appeal can be dismissed; if he can, the administrative judge shall decide the issue of jurisdiction after an evidentiary hearing thereon.