NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK TAKEUCHI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3051

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-12-0687-I-1.

---

Decided: June 9, 2014

---

PATRICK TAKEUCHI, of Honolulu, Hawaii, *pro se.*

SARAH B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Patrick Takeuchi (Mr. Takeuchi) appeals a final order of the Merit Systems Protection Board (Board) dismissing his appeal of the agency's decision as untimely. As Mr. Takeuchi fails to demonstrate that the Board abused its discretion in dismissing his appeal, we *affirm*.

BACKGROUND

On May 11, 2012, the Department of the Army (Agency) proposed to remove Mr. Takeuchi from his position as a medical technician. On June 5, 2012, the Agency formally removed Mr. Takeuchi effective June 18, 2012. Mr. Takeuchi challenged his removal in an appeal to the Board electronically filed on July 28, 2012. The Agency moved to dismiss the appeal as untimely because it was filed ten days beyond the thirty-day deadline set forth in the Agency decision. The Board issued an Order on Timeliness directing Mr. Takeuchi to show that the appeal was in fact timely filed or that there was good cause for the filing delay. Mr. Takeuchi did not respond to this Order. After recognizing that the June 5, 2012, removal decision did not include a notification that any appeal may be dismissed as untimely if not filed within the time limit, the Board sua sponte reopened the record on timeliness to provide Mr. Takeuchi another opportunity to show good cause for his delay in filing his appeal. The Revised Order reminded Mr. Takeuchi of his burden of proof on the timeliness issue and directed him to respond by September 21, 2012. Mr. Takeuchi did not respond to this Order either. The Board then issued its Initial Decision dismissing Mr. Takeuchi's appeal as untimely filed. *Takeuchi v. Dep't. of the Army*, No. SF-0752-12-0687-I-1 (M.S.P.B. Sept. 27, 2012) (Initial Decision).

On November 1, 2012, Mr. Takeuchi filed a petition for review of the Initial Decision. Mr. Takeuchi did not deny that he filed his appeal ten days beyond the thirty-

day deadline identified in the June 5, 2012 removal letter. Instead, Mr. Takeuchi argued that he had sixty-days to file his appeal because he believed his union was working with the Agency to resolve his removal. Mr. Takeuchi also alleges that he was locked out of the Board's e-Appeal Online Website (e-filing system), did not receive relevant filings, and had difficulty obtaining counsel after his labor union refused to represent him.

In its Final Order, the Board affirmed the initial decision, finding his Agency appeal untimely and without good cause for the delay. *Takeuchi v. Dep't. of the Army*, No. SF-0752-12-0687-I-1 (M.S.P.B. Oct. 28, 2013) (Final Order). The Board determined that Mr. Takeuchi lacked proof he entered into an alternative dispute resolution with the Agency which would have allowed for sixty days to file an appeal instead of thirty days. The Board also noted that, as an electronic filer, Mr. Takeuchi accepted electronic service and was responsible for monitoring his case activity. Finally, the Board found that Mr. Takeuchi's alleged difficulty in obtaining counsel did not establish good cause for waiver of a filing deadline.

Mr. Takeuchi timely appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) (2012) and 28 U.S.C. § 1295(a)(9) (2012).

## ANALYSIS

Our review of the Board's decision is limited by statute. We only set aside the Board's actions, findings, or conclusions that are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C § 7703(c).

We review the factual findings of the Board regarding untimeliness for substantial evidence. *Espenschied v. Merit Sys. Prot. Bd.*, 804 F.2d 1233, 1238 (Fed. Cir. 1986). "[W]hether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and 'this court will not substitute its own judgment for that of the Board.'" *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc)). Mr. Takeuchi bears the burden of proof concerning the timeliness of the filing of his appeal. 5 C.F.R. § 1201.56(a)(2)(ii).

Generally, an appeal must be filed no later than thirty-days after the effective date of the action being appealed or thirty-days after the date the appellant received the agency's decision, whichever is later. *See id..* § 1201.22(b)(1). When a petitioner files an untimely appeal, the petitioner must show that there was good cause for the delay. *See Walls,* 29 F.3d at 1581. The Board considers a number of factors, including: (1) the appellant's pro se status, (2) the length of the delay, (3) the reasonableness of the excuse, and (4) the appellant's showing of due diligence. *Id.*

The Board correctly found that Mr. Takeuchi's appeal was untimely. Mr. Takeuchi does not deny that the Agency's decision explicitly informed Mr. Takeuchi of the 30-day time limit for filing an appeal, and that he filed his appeal ten days beyond that deadline. Mr. Takeuchi received the Agency's decision well in advance of the filing deadline, and he did not claim that he misunderstood the language in the Agency's decision that expressly informed him of the filing deadline. Thus, substantial evidence supports the Board's finding that Mr. Takeuchi's petition was untimely.

We also find that the Board did not abuse its discretion in finding that Mr. Takeuchi failed to demonstrate good cause for the untimely filing. Mr. Takeuchi failed to respond to the Board's two orders on timeliness and the Agency's motion to dismiss his appeal. Mr. Takeuchi did not raise any reasons for his delay until after the Board issued its Initial Decision. Mr. Takeuchi's arguments for good cause were instead raised for the first time in a petition for reconsideration, which the Board recognized was procedurally inappropriate. *See Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed. Cir. 1998) ("[I]f the party . . . raises an issue for the first time in a petition for review by the full Board, this Court will not consider the issue."). Nevertheless, the Board reasonably determined that Mr. Takeuchi's arguments did not demonstrate good cause for delay. As an electronic filer, it was Mr. Takeuchi's responsibility to monitor the e-filing system for notices from the Board. To the extent Mr. Takeuchi suggests he had difficulties accessing his e-filing system account, he did not indicate any efforts to resolve that issue. Mr. Takeuchi does not argue that there were other circumstances beyond his control that prevented him from monitoring the e-filing system, filing a timely appeal, or requesting an extension of time to do so. We have reviewed all other arguments and find them insufficient to overturn the Board's decision.

We recognize that Mr. Takeuchi proceeded as a pro se petitioner throughout the appeals process. Even accounting for his pro se status, however, the Board had ample evidence to support its finding. The Board considered many appropriate factors in its analysis, such as the extent of his delay, his knowledge of and access to the Agency's decision, and the details he provided to justify his delay.

CONCLUSION

Because the Board did not abuse its discretion in concluding that Mr. Takeuchi failed to meet his burden to demonstrate good cause for his untimely filing, we affirm the Board's dismissal of his appeal.

**AFFIRMED**

COSTS

No costs.