# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GARY L. BROWN,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
AT-315H-17-0513-I-1

DATE: January 23, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary L. Brown</u>, Gainesville, Florida, pro se.

<u>Heather G. Blackmon</u>, Esquire, Gainesville, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the appropriate jurisdictional standard, we AFFIRM the initial decision.

¶2        The appellant is a preference eligible who was terminated from a Veterans Recruitment Appointment (VRA). Initial Appeal File (IAF), Tab 6 at 20, 25. "VRAs are excepted appointments, made without competition, to positions otherwise in the competitive service." 5 C.F.R. § 307.103. Individuals serving under VRAs have the same appeal rights as excepted-service employees under 5 C.F.R. part 432 (concerning performance-based actions) and part 752 (concerning adverse actions). 5 C.F.R. § 307.105. In addition, any individual serving under a VRA, whose employment is terminated within 1 year after the date of such appointment, has the same right to appeal that termination under 5 C.F.R. § 315.806 as a career or career-conditional employee has during the first year of employment. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 18 (2011); 5 C.F.R. § 307.105.

¶3        In the initial decision, the administrative judge correctly cited the statute setting forth the relevant definition of an excepted-service employee with appeal rights pursuant to 5 U.S.C. chapter 75. IAF, Tab 8, Initial Decision (ID) at 2 (citing 5 U.S.C. § 7511(a)(1)(B)). However, the administrative judge erroneously

analyzed the appeal pursuant to the definition applicable to individuals in the competitive service.  ID at 2-3; *cf.* 5 U.S.C. § 7511(a)(1)(A).

¶4        We modify the initial decision, as follows, to clarify the appropriate jurisdictional standard applicable to the appellant.  Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 8 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see* 5 U.S.C. §§ 7511(a)(1), 7513(d).  As relevant here, an "employee" with adverse-action appeal rights includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an Executive agency.  5 U.S.C. § 7511(a)(1)(B)(i).  When analyzing section 7511(a)(1)(B), the Board defers to the regulation in 5 C.F.R. § 752.402, which defines "current continuous employment" as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday." *Winns*, 124 M.S.P.R. 113, ¶¶ 13, 16.  Here, the appellant acknowledges that he only served 9 months in his position, and he has not alleged one of the regulatory grounds for appealing his termination under 5 C.F.R. § 315.806.  Petition for Review (PFR) File, Tab 2 at 3.  Thus, we find that he has failed to make a nonfrivolous allegation of jurisdiction.[2]

¶5        We agree with the administrative judge's finding that, to the extent the appellant is raising a claim of disability discrimination, we lack the authority to review such a claim absent an otherwise appealable action.  ID at 3; *see Wren v.*

---

[2] The administrative judge notified the appellant of how to establish he had chapter 75 appeal rights as an "employee" in the competitive service instead of the excepted service.  IAF, Tab 3 at 3-4.  However, we find that any such error did not prejudice the appellant's substantive rights because he received adequate notice of the requirement to prove that he completed 1 year of current continuous service to qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75, which is the dispositive issue in this appeal.  *Id.*; *see* 5 U.S.C. § 7511(a)(1)(B).  Further, the administrative judge correctly notified the appellant of the regulatory grounds for appealing a probationary termination under 5 C.F.R. § 315.806.  IAF, Tab 3 at 2-3.

*Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). In his petition for review, the appellant reasserts his arguments on the merits of his termination. PFR File, Tab 2 at 3; IAF, Tab 1 at 2. We decline to address these arguments further because they are not relevant to the dispositive jurisdictional issue.

¶6      Accordingly, we affirm the dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.